# EXHIBIT E

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

WILLIAM DEGENHART, M D.,

    Plaintiff,

-vs-

ARTHUR STATE BANK, THE
DEGENHART LAW FIRM,
PAUL DEGENHART and MARY NELL
DEGENHART,

    Defendants

Civil Action No

CV10-1960FR

## COMPLAINT FOR DAMAGES AND PETITION FOR DECLARATORY JUDGMENT

**COMES NOW,** WILLIAM DEGENHART, M D , by and through his counsel, and states the following as his complaint

### PARTIES, JURISDICTION, AND VENUE

1   William Degenhart, M.D., is a resident of Savannah, Chatham County, Georgia.

2   Upon information and belief, Defendant Arthur State Bank is a South Carolina State Bank headquartered in Columbia, South Carolina, with its principal place of business located at 1531 Washington Street, Columbia, South Carolina  Arthur State Bank may be served with process by personally serving its registered agent, J Carlisle Oxner, Jr., at 1531 Washington Street, Columbia, South Carolina, 29171

3.   On information and belief, Defendant The Degenhart Law Firm, P.A , is a professional association organized and existing under the laws of the State of South Carolina, with its

ENTERED SMS   DEC 27 2010

principal place of business located at 2131 Park Street, Columbia, South Carolina, 29201   This Defendant may be served with process by and through its registered agent, Mary Nell Degenhart, at 2131 Park Street, Columbia, South Carolina, 29201

4   Defendant Paul Degenhart is an attorney licensed to practice law in the states of Georgia, Nebraska, and South Carolina   Upon information and belief, Paul Degenhart is a citizen of the state of South Carolina

5   Defendant Mary Nell Degenhart is an attorney licensed to practice law in South Carolina   Upon information and belief, Mary Nell Degenhart is a citizen of the state of South Carolina

6   Defendants have committed tortious acts, some within this state, which have caused injury to the Plaintiff   Jurisdiction and venue are proper in this Court.

**FACTUAL ALLEGATIONS**

7   MND Properties, LLC, is identified as the borrower on certain loan documents between it and Defendant Arthur State Bank

8   Upon information and belief, Defendant Mary Nell Degenhart and/or Defendant Paul Degenhart are principals of MND Properties, LLC

9. Upon information and belief, Defendant Mary Nell Degenhart and Defendant Paul Degenhart are each principals in Defendant The Degenhart Law Firm.

10. Over the past several months, Plaintiff has learned that his name, or representation of his signature, had been improperly affixed upon certain loan documents, including promissory notes and unconditional guaranty, which purportedly secure certain loans made by Defendant Arthur State Bank and MND Properties, LLC  The documents to which the Plaintiff's name has been improperly applied include the following

    a  Guaranty, dated August 23, 2006, underwhich Plaintiff purportedly agreed to guaranty to Arthur State Bank "the payment and performance of each and every debt, liability, and obligation of every type and description" which MND Properties had or thereafter creates, without limitation  A copy of this Guaranty is attached hereto as Exhibit A; and

    b  Promissory Note, dated October 1, 2009, between MND Properties, LLC and Arthur State Bank, in the principal amount of $100,000 00, attached hereto as Exhibit B

11  Plaintiff did not sign any of these documents, nor did he authorize the execution of any of the documents identified in paragraph 10 of the Complaint

12   On information and belief, the loan transaction identified above, and additional debt obligations incurred by MND Properties, LLC, was closed by Defendant The Degenhart Law Firm Allowing presentation of these documents to Arthur State Bank as valid, binding, and duly executed documents was absolutely improper.

13   On learning of the fact that his name had been improperly affixed upon the documents identified in Paragraph 10 of this Complaint, Plaintiff informed Defendant Arthur State Bank of the improper use of his signature

14   Despite being informed that the documents purportedly obligating Plaintiff to Defendant Arthur State Bank, said Bank continues to insist that said documents are valid and biding, and has improperly presented claims under these documents against Plaintiff

15   On information and belief, Arthur State Bank failed to follow both its own guidelines and industry regulations designed to prevent improper use of signatures in bank documents, and to protect individuals such as Plaintiff from being falsely and unjustly bound to the debt obligations of others   These failures include, but are not limited to,

   (a)   allowing a principal in the borrower to close the loans at issue in this case,

(b) attempting to bind Plaintiff as a guarantor of all debts of MND Properties, LLC without proper documentation as to the validity of the guaranty attached hereto as Exhibit A;

(c) by failing to assure proper corporate resolutions were in place to allow the borrowing to go forward for which it is contended that Plaintiff executed a Guaranty;

Failure of Defendant Plantation Federal Bank to follow these obligations has allowed Defendants Paul Degenhart, Mary Nell Degenhart, and The Degenhart Law Firm to cause the harm to Plaintiff as alleged herein

## CAUSES OF ACTION

### COUNT I - BREACH OF DUTY

16   The Plaintiff reincorporates Paragraphs 1 through 15 as if realleged herein

17   Defendants Paul Degenhart and Mary Nell Degenhart and attorneys licensed to practice law   Through their law firm, Defendant The Degenhart Law Firm, LLC, these Defendants offer and provide legal services to the public.

18.   In his dealings with Defendants Paul Degenhart, Mary Nell Degenhart, and/or The Degenhart Law Firm, Plaintiff expected, and was in fact owed, the benefit of the professional

-5-

judgment, knowledge, and skill possessed by individuals authorized to practice law.

19. Defendants Paul Degenhart, Mary Nell Degenhart, and/or The Degenhart Law Firm, failed to provide the Plaintiff with the benefit of their professional skill and judgment by allowing false and/or improperly utilized signatures to be affixed to documents executed to allow Defendant Arthur State Bank to extend financing to MND Properties, LLC.  (Attached as Exhibit "C" is the Affidavit of Kenneth Futch, an attorney licensed to practice law, which sets forth at least one (1) negligent act against the Defendants the Degenhart Law firm, Paul Degenhart, and Mary Nell Degenhart, as required by O.C.G.A. § 9-11-9.1.)

20. Defendant Arthur State Bank breached the standard of care applicable to the banking industry through accepting loan documents as valid and binding without taking independent action to verify the validity of the signatures thereto.

21. The combined negligent acts of the Defendants have improperly led Arthur State Bank to attempt to enforce the debt obligations of MND Properties, LLC against Plaintiff.

### COUNT II - CLAIM FOR DECLARATORY JUDGMENT

22. The Plaintiff reincorporates Paragraphs 1 through 15 as if realleged herein.

23   Plaintiff never signed any of the documents attached hereto as Exhibits A through B

24.  Plaintiff never authorized any individual or entity to affix or reproduce his signature on any of the documents attached hereto as Exhibits A through B

25   Therefore, the Plaintiff is not bound to any of the financial obligations referenced or described in the documents attached hereto as Exhibit A through B

26   Defendant Arthur State Bank has initiated efforts to enforce the financial obligations purportedly undertaken by Plaintiff, under its position that his signature properly appears on these documents.

27   A justiciable controversy therefore exists between Defendant Arthur State Bank and Plaintiff  Plaintiff is in need of a declaration of his rights, i e , that he not be held legally or equitably accountable for the debts of MND Properties, LLC

28   Pursuant to this Court's equitable powers, Plaintiff requests this Court declare as to him that the legal documents attached as Exhibits A through B are unenforceable as to Plaintiff

WHEREFORE, Plaintiff prays.

(a)   process issue and Defendants be required to answer this lawsuit,

  (b) that this Court enter an order declaring Plaintiff has no legal obligation to Congaree State Bank, and that the documents attached hereto as Exhibits A through B are null and void as they pertain to Plaintiff,

  (c) that Plaintiff have judgment against Defendants in an amount proved at trial, and

  (d) for such other just and equitable relief as may be deemed proper and necessary

**THIS THE** _27th_ **DAY OF** _DECEMBER_, 2010.

        SAVAGE, TURNER, KRAEUTER, PINCKNEY,
        BRITT & MADISON

        BY _[signature]_
          Brent J. Savage
          Georgia Bar No. 627450

304 East Bay Street
Post Office Box 10600
Savannah, Georgia 31412
(912) 231-1140

A

## GUARANTY

UNION  (City)   SOUTH CAROLINA  (State)

AUGUST 23, 2006

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and to induce ARTHUR STATE BANK - BELTUNE
(herein, with its participants, successors and assigns called "Lender"), at its option, at any time or from time to time to make loans or extend other accommodations to or for the account of  M N D PROPERTIES, LLC

(herein called "Borrower") or to engage in any other transactions with Borrower, the Undersigned hereby absolutely and unconditionally guarantees to Lender the full and prompt payment when due, whether at maturity or earlier by reason of acceleration or otherwise, of the debts, liabilities and obligations described as follows:

A If this ☐ is checked, the Undersigned guarantees to Lender the payment and performance of the debt, liability or obligation of Borrower to Lender evidenced by or arising out of the following _____ and any extensions renewals or replacements thereof (hereinafter referred to as the "Indebtedness")

B If this ☒ is checked, the Undersigned guarantees to Lender the payment and performance of each and every debt, liability and obligation of every type and description which Borrower may now or at any time hereafter owe to Lender (whether such debt, liability or obligation now exists or is hereafter created or incurred, and whether it is or may be direct or indirect, due or to become due, absolute or contingent, primary or secondary, liquidated or unliquidated, or joint, several, or joint and several, all such debts, liabilities and obligations being hereinafter collectively referred to as the "Indebtedness")  Without limitation, this guaranty includes the following described debt(s) _____

The Undersigned further acknowledges and agrees with Lender that

1 No act or thing need occur to establish the liability of the Undersigned hereunder, and no act or thing, except full payment and discharge of all indebtedness shall in any way exonerate the Undersigned or modify, reduce, limit or release the liability of the Undersigned hereunder

2 This is an absolute, unconditional and continuing guaranty of payment of the Indebtedness and shall continue to be in force and be binding upon the Undersigned whether or not all Indebtedness is paid in full, until this guaranty is revoked by written notice actually received by the Lender, and such revocation shall not be effective as to Indebtedness existing or committed for at the time of actual receipt of such notice by the Lender, or as to any renewals, extensions and refinancings thereof  If there be more than one Undersigned, such revocation shall be effective only as to the one so revoking  The death or incompetence of the Undersigned shall not revoke this guaranty, except upon actual receipt of written notice thereof by Lender and then only as to the decedent or the incompetent and only prospectively, as to future transactions, as herein set forth

3 If the Undersigned shall be dissolved, shall die, or shall be or become insolvent (however defined) or revoke this guaranty, then the Lender shall have the right to declare immediately due and payable  and the Undersigned will forthwith pay to the Lender, the full amount of all Indebtedness, whether due and payable or unmatured  If the Undersigned voluntarily commences or there is commenced involuntarily against the Undersigned a case under the United States Bankruptcy Code, the full amount of all Indebtedness, whether due and payable or unmatured, shall be immediately due and payable without demand or notice thereof

4 The liability of the Undersigned hereunder shall be limited to a principal amount of $ UNLIMITED _____
(if unlimited or if no amount is stated, the Undersigned shall be liable for all Indebtedness, without any limitation as to amount), plus accrued interest thereon and all other costs, fees, and expenses agreed to be paid under all agreements evidencing the Indebtedness and securing the payment of the Indebtedness, and all attorneys' fees, collection costs and enforcement expenses referable thereto  Indebtedness may be created and continued in any amount, whether or not in excess of such principal amount, without affecting or impairing the liability of the Undersigned hereunder  The Lender may apply any sums received by or available to Lender on account of the Indebtedness from Borrower or any other person (except the Undersigned), from their properties, out of any collateral security or from any other source to payment of the excess  Such application of receipts shall not reduce, affect or impair the liability of the Undersigned hereunder  If the liability of the Undersigned is limited to a stated amount pursuant to this paragraph 4, any payment made by the Undersigned under this guaranty shall be effective to reduce or discharge such liability only if accompanied by a written transmittal document received by the Lender, advising the Lender that such payment is made under this guaranty for such purpose

5 The Undersigned will pay or reimburse Lender for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by Lender in connection with the protection, defense or enforcement of this guaranty in any litigation or bankruptcy or insolvency proceedings

This guaranty includes the additional provisions on page 2 all of which are made a part hereof

This guaranty is ☒ unsecured, ☐ secured by a mortgage or security agreement dated _____,
☐ secured by _____

IN WITNESS WHEREOF, this guaranty has been duly executed by the Undersigned the day and year first above written

WILLIAM J DEGENHART

"Undersigned" shall refer to all persons who sign this guaranty severally and jointly

© Bankers Systems Inc  St Cloud MN 55301 FORM M 240 6/7/2005 (For Corporate Guarantor Use M 2501)    (page 1 of 2)

ADDITIONAL PROVISIONS

6. Whether or not any existing relationship between the Undersigned and Borrower has been changed or ended and whether or not this guaranty has been revoked, Lender may, but shall not be obligated to, enter into transactions resulting in the creation or continuance of Indebtedness, without any consent or approval by the Undersigned and without any notice to the Undersigned. The liability of the Undersigned shall not be affected or impaired by any of the following acts or things (which Lender is expressly authorized to do, omit or suffer from time to time, both before and after revocation of this guaranty, without notice to or approval by the Undersigned) (i) any acceptance of collateral security, guarantors, accommodation parties or sureties for any or all Indebtedness, (ii) any one or more extensions or renewals of Indebtedness (whether or not for longer than the original period) or any modification of the interest rates, maturities or other contractual terms applicable to any Indebtedness, (iii) any waiver, adjustment, forbearance, compromise or indulgence granted to Borrower, any delay or lack of diligence in the enforcement of Indebtedness, or any failure to institute proceedings, file a claim, give any required notices or otherwise protect any Indebtedness (iv) any full or partial release of, settlement with, or agreement not to sue Borrower or any other guarantor or other person liable in respect of any Indebtedness, (v) any discharge of any evidence of Indebtedness or the acceptance of any instrument in renewal thereof or substitution therefor, (vi) any failure to obtain collateral security (including rights of setoff) for Indebtedness or to see to the proper or sufficient creation and perfection thereof, or to establish the priority thereof, or to protect, insure, or enforce any collateral security, or any release, modification, substitution, discharge, impairment, deterioration, waste or loss of any collateral security, (vii) any foreclosure or enforcement of any collateral security, (viii) any transfer of any Indebtedness or any evidence thereof, (ix) any order of application of any payments or credits upon Indebtedness, (x) any election by the Lender under §1111(b)(2) of the United States Bankruptcy Code

7. The Undersigned waives any and all defenses, claims and discharges of Borrower, or any other obligor, pertaining to Indebtedness, except the defense of discharge by payment in full. Without limiting the generality of the foregoing, the Undersigned will not assert, plead or enforce against Lender any defense of waiver release statute of limitations, res judicata, statute of frauds, fraud, incapacity, minority, usury, illegality or unenforceability which may be available to Borrower or any other person liable in respect of any Indebtedness, or any setoff available against Lender to Borrower or any such other person, whether or not on account of a related transaction. The Undersigned expressly agrees that the Undersigned shall be and remain liable to the fullest extent permitted by applicable law, for any deficiency remaining after foreclosure of any mortgage or security interest securing Indebtedness, whether or not the liability of Borrower or any other obligor for such deficiency is discharged pursuant to statute or judicial decision. The Undersigned shall remain obligated, to the fullest extent permitted by law, to pay such amounts as though the Borrower's obligations had not been discharged

8. The Undersigned further agrees that the Undersigned shall be and remain obligated to pay Indebtedness even though any other person obligated to pay Indebtedness, including Borrower, has such obligation discharged in bankruptcy or otherwise discharged by law. "Indebtedness" shall include post-bankruptcy petition interest and attorneys fees and any other amounts which Borrower is discharged from paying or which do not otherwise accrue to Indebtedness due to Borrower's discharge, and the Undersigned shall remain obligated to pay such amounts as though Borrower's obligations had not been discharged

9. If any payment applied by Lender to Indebtedness is thereafter set aside, recovered, rescinded or required to be returned for any reason (including, without limitation the bankruptcy, insolvency or reorganization of Borrower or any other obligor), the Indebtedness to which such payment was applied shall for the purposes of this guaranty be deemed to have continued in existence, notwithstanding such application, and this guaranty shall be enforceable as to such Indebtedness as fully as if such application had never been made

10. Until the obligations of the Borrower to Lender have been paid in full, the Undersigned waives any claim remedy or other right which the Undersigned may now have or hereafter acquire against Borrower or any other person obligated to pay Indebtedness arising out of the creation or performance of the Undersigned's obligation under this guaranty, including, without limitation, any right of subrogation, contribution, reimbursement indemnification, exoneration, and any right to participate in any claim or remedy the Undersigned may have against the Borrower, collateral, or other party obligated for Borrower's debts, whether or not such claim remedy or right arises in equity, or under contract, statute or common law

11. The Undersigned waives presentment, demand for payment, notice of dishonor or nonpayment and protest of any instrument evidencing Indebtedness. Lender shall not be required first to resort for payment of the Indebtedness to Borrower or other persons or their properties, or first to enforce, realize upon or exhaust any collateral security for Indebtedness, before enforcing this guaranty

12. The liability of the Undersigned under this guaranty is in addition to and shall be cumulative with all other liabilities of the Undersigned to Lender as guarantor or otherwise, without any limitation as to amount, unless the instrument or agreement evidencing or creating such other liability specifically provides to the contrary

13. This guaranty shall be enforceable against each person signing this guaranty, even if only one person signs and regardless of any failure of other persons to sign this guaranty. If there be more than one signer, all agreements and promises herein shall be construed to be, and are hereby declared to be, joint and several in each of every particular and shall be fully binding upon and enforceable against either, any or all the Undersigned. This guaranty shall be effective upon delivery to Lender, without further act, condition or acceptance by Lender shall be binding upon the Undersigned and the heirs, representatives, successors and assigns of the Undersigned and shall inure to the benefit of Lender and its participants successors and assigns. Any invalidity or unenforceability of any provision or application of this guaranty shall not affect other lawful provisions and application hereof and to this end the provisions of this guaranty are declared to be severable. Except as authorized by the terms herein, this guaranty may not be waived, modified, amended, terminated released or otherwise changed except by a writing signed by the Undersigned and Lender. This guaranty shall be governed by the laws of the State in which it is executed. The Undersigned waives notice of Lender's acceptance hereof

Expere® ©Bankers Systems Inc. St. Cloud MN 55301 FORM M 240 9/7/2005 (For Corporate Guarantor use M 250)

B

| MMG PROPERTIES LLC | ARTHUR STATE BANK CLEMSON ROAD | SSN 20 2012258 |
|---|---|---|
| 2131 PARK STREET | 100 EAST MAIN STREET | Loan Number 82002220 |
| COLUMBIA SC 29201 | P O BOX 769 | Date 10-01-2009 |
| | UNION SC 29379 | Maturity Date 10-01-2010 |
| | | Loan Amount $ 100,000.00 |
| | | Renes of Of 82002220 |
| BORROWER'S NAME AND ADDRESS | LENDER'S NAME AND ADDRESS | OFHPROC   752 MMT H |
| "I" includes each borrower above jointly and severally | "You" means the lender, its successors and assigns | |

For value received, I promise to pay to you, or your order at your address listed above the PRINCIPAL sum of ONE HUNDRED THOUSAND AND 00/100 _____ Dollars $ 100,000.00 _____

☐ **Single Advance** I will receive all of this principal sum on _____ No additional advances are contemplated under this note.
☒ **Multiple Advance** The principal sum shown above is the maximum amount of principal I can borrow under this note. On 10-01-2009 _____
I will receive the amount of $ 0.00 _____ and future principal advances are contemplated.
Conditions: The conditions for future advances are PER CUSTOMER REQUEST AND LOAN OFFICER APPROVAL _____

☒ **Open End Credit** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to all other conditions and expires on 10-01-2010 _____
☐ **Closed End Credit** You and I agree that I may borrow up to the maximum only one time and subject to all other conditions.

**INTEREST** I agree to pay interest on the outstanding principal balance from 10-01-2009 _____ at the rate of ____ 6.00 % per year until 10-01-2010 _____

☐ **Variable Rate** This rate may then change as stated below.
  ☐ **Index Rate** The future rate will be _____ the following index rate _____
  ☐ **No Index** The future rate will not be subject to any internal or external index. It will be entirely in your control.
  ☐ **Frequency and Timing** The rate on this note may change as often as _____
  A change in the interest rate will take effect _____
  ☐ **Limitations** During the term of this loan, the applicable annual interest rate will not be more than _____ % or less than _____ %. The rate may not change more than _____ % each _____

Effect of Variable Rate A change in the interest rate will have the following effect on the payments:
  ☐ The amount of each scheduled payment will change     ☐ The amount of the final payment will change
  ☐ _____

**ACCRUAL METHOD** Interest will be calculated on a ACTUAL/360 _____ basis.

**POST MATURITY RATE** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below.
  ☒ on the same fixed or variable rate basis in effect before maturity (as indicated above)
  ☐ at a rate equal to _____

☐ **LATE CHARGE** If a payment is not made within _____ days after it is due, I agree to pay a late charge of _____

☒ **ADDITIONAL CHARGES** In addition to interest, I agree to pay the following charges which ☐ are ☒ are not included in the principal amount above: DOCUMENTATION FEE $100.00 _____

**PAYMENTS** I agree to pay this note as follows:
MONTHLY PAYMENTS OF ACCRUED INTEREST CALCULATED ON THE AMOUNT OF CREDIT OUTSTANDING BEGINNING ON 11-01-2009 AND PRINCIPAL DUE ON 10-01-2010

**ADDITIONAL TERMS**

| ☐ **SECURITY** This note is separately secured by (describe separate document by type and date) | **PURPOSE** The purpose of this loan is WORKING CAPITAL |
|---|---|
| (When secured by your interest use. Failure to file a report the security document does not mean the agreement and not secure this note) | **SIGNATURES** I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2) I have received a copy on today's date |
| | MMG PROPERTIES LLC |
| Signature for Lender | |
| | WILLIAM J. DEGENHART |
| MARK A. HOLCOTT SENIOR VICE PRESIDENT | MARY NELL W DEGENHART |

SOUTH CAROLINA UNIVERSAL NOTE                                                                                                             (page 1 of 2)
Exsters© 1994, 1991 Bankers Systems Inc., St. Cloud, MN Form UN SC 3-17-2003

C

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

WILLIAM DEGENHART, M.D.,

    Plaintiff,

-vs-

ARTHUR STATE BANK, THE
DEGENHART LAW FIRM,
PAUL DEGENHART and MARY NELL
DEGENHART,

    Defendants

Civil Action No

CV10 1960-FR

**STATE OF GEORGIA** )
)
**COUNTY OF BACON** )

### AFFIDAVIT OF KENNETH E. FUTCH

**COMES NOW KENNETH E. FUTCH,** who after being duly sworn before an officer authorized to administer oaths, states as follows

1

My name is Kenneth E Futch I am over the age of 18 and give this affidavit of my own personal knowledge.

2

I am an attorney licensed to practice law in the State of Georgia, and have been so licensed since 1986 I graduated with a BBA in Accounting from the University of Georgia and an honor graduate of the University of Georgia School of Law

3

I am familiar with the standards of legal practice for attorneys practicing in the State of Georgia

4

As a result of my training and experience, I am familiar with the standard of care expected from attorneys admitted to the practice of law in the State of Georgia, and of the standard of care in general. Furthermore, through education, training, and experience, I am familiar with the standard of care expected from attorneys who participate in and conduct loan closings with financial institutions, including but not limited to execution of mortgage documents and personal guaranties

5

For the purposes of giving this affidavit, I have examined the documents attached to the Plaintiff's Complaint in this action, as well the documents attached thereto. These documents include the following:

    a. Guaranty, dated August 23, 2006, under which Plaintiff purportedly agreed to guaranty to Arthur State Bank "the payment and performance of each and every debt, liability, and obligation of every type and description" which MND Properties had or thereafter creates, without limitation A copy of this Guaranty is attached to Complaint as Exhibit A

    b. Promissory Note, dated October 1, 2009, between MND Properties, LLC and Arthur State Bank, in the principal amount of $100,000 00, attached to the Complaint as Exhibit B

6

It is my understanding Dr William Degenhart denies signing any of the documents attached to the Complaint as Exhibits A through B

7

I believe it is required within the standard of care of a reasonably prudent closing attorney to require guarantees, promissory notes, and deeds to secure debt to be signed in front of either the closing attorney, reputable witnesses, notary publics and/or experienced real estate paralegals Assuming that Dr Degenhart did not sign any of these documents, it is my conclusion the Degenhart Law Firm, Paul Degenhart, and or Mary Nell Degenhart deviated from this standard of care by failing to take appropriate action to verify this signature and precautions to ensure that the signature placed on the documents was authentic

9

It is my understanding Mary Nell Degenhart is a member of MND Properties, LLC and a member of the Degenhart Law Firm, and that the Degenhart Law Firm acted as the closing attorney for MND Properties, LLC when it incurred the debt and financial obligations incurred by MND Properties, LLC at Arthur State Bank It is my opinion it is beneath the applicable standard of care to allow a law firm to act both as the closing attorney for a the debtor and be a principal of the entity incurring the debt obligation

10

This affidavit is given in conformance with O C G A §9-11-9 1, is not dispositive of all of my opinions relative to this case, and is subject to additions and or revisions upon receipt of additional evidence or information

FURTHER, AFFIANT SAYETH NAUGHT

This __21st__ day of December, 2010

_____
Kenneth E Futch

Sworn to and subscribed
before me this __22__ day
of __December__, 2010

_____
Notary Public

[Notary Seal: Melissa Futch, Notary Public, Pierce County, Georgia, My Commission Expires May 9, 2014]