UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

WILLIAM DEGENHART, M.D., )
)
    Plaintiff, )
)
v. ) Case No. CV411-041
)
ARTHUR STATE BANK, )
THE DEGENHART LAW FIRM, )
PAUL DEGENHART and )
MARY NELL DEGENHART, )
)
    Defendants. )

## ORDER

Defendant Arthur State Bank (ASB), one of several defendants sued in this declaratory-judgment case brought by William Degenhart, MD,[1] moves to stay the August 10, 2011 deposition of J. Carlisle Oxner, Jr. ASB says that Oxner is an "apex deposition target"[2] who lacks

---

[1] For the purpose of this Order only, the Court accepts Degenhart's assertions as true. He claims his signature was forged on documents related to a loan from ASB to an LLC owned by co-defendants Paul Degengart and Mary Nell Degenhart. Doc. 1-5 at 1-6. Plaintiff thus sues the Degenhart law firm, owned by Paul and Mary, for legal malpractice. *Id.* at 6-7. He also seeks declaratory relief against ASB. *Id.* at 7-8; *see also* doc. 34 at 5-7 (Status Report bearing parties' versions of facts and issues).

[2] "Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such

knowledge about the issues in this case, so the deposition will constitute a harassing waste of time. Doc. 38 at 3; doc. 39. ASB also seeks a protective order and an expedited briefing schedule. Doc. 39; *see also* doc. 38-3 (counsel certification).

It may be thought that merely filing a motion for a protective order stops a deposition, thus obviating the need for a stay order. Courts, though not unanimously, have held otherwise.[3] They have also held that

---

discovery creates a tremendous potential for abuse or harassment." *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982 at * 15 (N.D. Cal. May 9, 2011); *see also id.* at * 1 (technology firm suing Apple Inc. for patent infringement cannot depose co-founder and CEO Steve Jobs because it failed "to show that Jobs possesses unique, personal non-repetitive firsthand knowledge of relevant facts, but also fail[ed] to show that [it] has exhausted less burdensome means to obtain that information.").

[3] As one court recently stated:

> Unless a party or witness files a motion for a protective order and seeks and obtains a stay prior to the deposition, a party or witness has no basis to refuse to attend a properly noticed deposition. *See Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir.1964), *cert. denied,* 380 U.S. 956, 85 S.Ct. 1081, 13 L.Ed.2d 972, *and cert. denied*, 380 U.S. 956, 85 S. Ct. 1082, 13 L.Ed.2d 972 (1965) ("Counsel's view seems to be that a party need not appear if a motion under Rule 30(b), F.R.Civ.P. [now 26(c)] is on file, even though it has not been acted upon. Any such rule would be an intolerable clog upon the discovery process. Rule [26(c)] places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard."); 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2035, at 151-52 (3d ed. 2010) ("At least with regard to depositions, the [protective] order should ordinarily be obtained before the date set for the discovery, and failure to move at that time has been held to preclude objection later [.]") (footnote omitted); Schwarzer, Tashima & Wagstaffe, CAL. PRACTICE GUIDE: FED. CIV. PRO. BEFORE TRIAL ¶ 11:1166 (The Rutter Group 2010) ("A party

2

if there is insufficient time to have his motion heard, the party should seek an order postponing the deposition pending the court's ruling. *In re Toys R Us*, 2010 WL 4942645 at * 3 n. 2 (quotes and cite omitted).

ASB is attempting that here. In that regard,

> Federal Rule of Civil Procedure 26(c) specifically provides that a party may file a motion for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense [.]" Fed.R.Civ.P. 26(c). The district court may issue a protective order if "good cause" is shown, and such an order "is not subjected to heightened scrutiny." *In re Alexander Grant &*

---

served with a deposition notice or discovery request must obtain a protective order (e.g., a stay of the deposition pending hearing on the motion) before the date set for the discovery response or deposition. The mere fact that a motion for protective order is pending does not itself excuse the subpoenaed party from making discovery[.]") (italics in original); *Koninklike Philips Elec. N.V. v. KXD Tech., Inc.*, 2007 WL 3101248, at *18 (D.Nev.2007), *appeal dismissed*, 539 F.3d 1039 (9th Cir. 2008) ("Absent a protective order or an order staying the deposition, the party, including its officers or Rule 30(b)(6) deponents, is required to appear for a properly noticed deposition."); *see also Albert v. Starbucks Coffee Co.*, 213 F.App'x 1, 1 (D.C.Cir.), *cert. denied*, 551 U.S. 1118, 127 S.Ct. 2944, 168 L.Ed.2d 270 (2007) (unpublished per curiam order) ("Appellant cites no supporting authority for the proposition that the mere filing of a motion for protective order *requires* the court to excuse a party's failure to obey a court order compelling attendance at a deposition. Indeed, the published authority addressing the issue suggests the contrary.") (italics in original).

*In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litigation*, 2010 WL 4942645 at * 3 (C.D. Cal. Jul. 29, 2010); *accord William Beaumont Hospital v. Medtronic, Inc.*, 2010 WL 2534207 at * 4 (E.D. Mich. Jun. 18, 2010). But other courts have been more lenient. *See generally*, 1 FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY Rule 37 (*Depositions and Discovery*) (Jan. 2011) ("The text of [Fed. R. Civ. P.] 37 at least implies that a party who seeks a protective order is excused from participating in the discovery in question, at least until the court makes its ruling. Some courts have taken this approach.").

*Co. Litig.*, 820 F.2d 352, 355 (11th Cir.1987); *see also* Fed. R. Civ. P. 26(c). The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978). In addition to requiring good cause, the district court must balance the interests of those requesting the order.

*Ekokotu v. Federal Exp. Corp.*, 408 F. App'x 331, 335-36 (11th Cir. 2011) (quotes and cite omitted). Where, as here, an apex deposition is challenged, the burden is placed upon the deposing party (hence, Degenhart):

> As the party seeking to compel the deposition of a high-ranking executive, [the deposing party] has the burden of showing that [the target's] deposition is necessary. *See Little League Baseball, Inc. v. Kaplan*, No. 08-60554-CIV, 2009 WL 426277, * 2 (S.D. Fla. Feb.20, 2009) (noting that the "[d]efendant ha[d] failed to satisfy his burden of showing that it [wa]s necessary to compel the deposition of [plaintiff's] chairman."). "A protective order precluding the deposition of a high-ranking executive officer will be granted where the officer possesses no unique knowledge regarding the underlying facts of the action and files a declaration stating his or her lack of knowledge." *McMahon v. Presidential Airways, Inc.*, No. 6:05-cv-1002-Orl-28JGG, 2006 WL 5359797, at * 2 (M.D. Fla. Jan.18, 2006).

*Carnival Corporation v. Rolls-Royce PLC*, 2010 WL 1644959, *1 (S.D. Fla. Apr. 22, 2010), *reconsideration denied*, 2010 WL 1854099 (S.D. Fla. May 3, 2010). Thus, Degenhart must show that Oxner has "unique or superior knowledge of discoverable information that cannot be obtained

4

by other means." *In re Mentor Corp. Obtape Transobturator Sling Products Liability Litigation*, 2009 WL 4730321, *1 (M.D. Ga. Dec. 1, 2009) (quotes and cite omitted).

Oxner attests that although he is chairman of ASB's Board of Directors, he has not been involved in any real estate transactions and knows nothing of the facts or issues in this case. Doc. 38-1. His affidavit "has been sworn under penalty of perjury, and it is competent evidence that may properly be considered by the Court." *Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 WL 2535067 at * 4 (D. Colo. Jun. 27, 2011) (granting apex deponent's protective order motion). Degenhart has not responded to ASB's motions. While his time to do so is not up, *see* doc. 39 (docket entry showing response due August 19, 2011), he is the one controlling the Oxner deposition date (August 10, 2011), so he must bear the burden of a "one-legged ruling" here. The Court therefore **STAYS** that deposition until Degenhart files his response brief, no later than Friday, August 12, 2011.[4] For the moment, then, the Court **GRANTS** ASB's Motion to Stay Deposition, doc. 39, as well as its Motion for

---

[4] Discovery ends August 24, 2011. Doc. 25.

Protective Order. Doc. 38. Degenhart need not respond if he concedes these motions, in which case these rulings shall stand.

**SO ORDERED** this  8th  day of August, 2011.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA