# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV411-041 |
| ) | |
| ARTHUR STATE BANK, ) | |
| THE DEGENHART LAW FIRM, ) | |
| PAUL DEGENHART and ) | |
| MARY NELL DEGENHART, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendant Arthur State Bank (ASB), one of several defendants in this declaratory-judgment case brought by William Degenhart, M.D.,[1] moved for a protective order and to stay the August 10, 2011 deposition of J. Carlisle Oxner, Jr.  Docs. 38 & 39. The Court granted that motion

---

[1] For the purpose of this Order only, the Court accepts Degenhart's assertions as true.  He claims his signature was forged on documents related to a loan from ASB to an LLC owned by defendants Paul Degengart and Mary Nell Degenhart. Doc. 1-5 at 3-6.  Plaintiff thus sues the Degenhart law firm, owned by Paul and Mary, for legal malpractice.  *Id.* at 6-7.  He also seeks declaratory relief against ASB, claiming (though not in a separate count of his complaint) that ASB negligently failed to follow established legal standards that would have prevented the forgery.  *Id.* at 5 ¶ 15; *id.* at 7-8; *see also* doc. 34 at 5-7 (Status Report bearing parties' versions of facts and issues).

but authorized plaintiff to pursue the deposition upon further motion. Doc. 40, reported at 2011 WL 3651312. He has not.

The Court also similarly stayed, per ASB's protective order motion, doc. 41, the Fed. R. Civ. P. 30(b)(6) deposition of ASB scheduled for August 11, 2011. Doc. 42. Degenhart *does* pursue that by moving to lift that stay. Doc. 43. ASB, says Degenhart, essentially had complained of being short-timed but enough time has now elapsed. Doc. 46 at 2. ASB also claimed that plaintiff had not been specific enough about what information he sought. Degenhart says he has cured that deficiency, too. *Id.* at 2-3. He proposed September 16, 2011. Doc. 50 at 1.

ASB does not object to that date but does object to "Topic 12" of Degenhart's Rule 30(b)(6) deposition notice. There Degenhart insists that ASB's witness must be prepared to testify on what ASB did to ensure that in his case it complied with specified statutes, guidelines, and regulations. ASB points out, first, that such laws have never before identified in plaintiff's pleadings. Doc. 50 at 1; *see also* doc. 46-1 at 1 (plaintiff's Rule 30(b)(6) notice). Second, they are irrelevant. *Id.* at 3-14. Thus, ASB concludes, it should not have to prepare its Rule 30(b)(6)

witness (to avoid furnishing an "empty head")[2] about matters neither pled nor independently relevant to this *negligence* case: "Patriot Act," "Gramm-Leach-Bliley Act," "Identity Theft & Assumption Deterrence Act," "2001 Guidelines of FFIEC," "Red Flag Rules/Fair And Accurate Credit Transactions Act," and "Bank Secrecy Laws." Doc. 50 at 4-12.

"'Where there is doubt over relevance, [Fed. R. Civ. P. 26(b)(1)] indicates that the court should be permissive.' *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1023 (Fed. Cir. 1986) (citing

---

[2] As one court recently explained:

> "Rule 30(b)(6) places the burden upon the deponent to 'make a conscientious good faith endeavor to designate the persons having knowledge of the matters sought . . . and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters". *Costa v. County of Burlington*, 254 F.R.D. 187, 189 (D.N.J. 2008) (*quoting Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007)). "The duty of preparation goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary the deponent must use documents, past employees, or other sources to obtain responsive information". *Harris*, 259 F.R.D. at 92-93. "While the rule may not require absolute perfection in preparation-it speaks after all of matters known or reasonably available to the organization-it nevertheless certainly requires a good faith effort on the part of the designate to find out the relevant facts-to collect information, review documents, and interview employees with personal knowledge just as a corporate party is expected to do in answering interrogatories". *Wilson v. Lakner*, 228 F.R.D. 524, 528-29 (D. Md. 2005).

*Graco, Inc. v. PMC Global, Inc.*, 2011 WL 868930 at * 13 (D.N.J. Feb. 14, 2011). "When a Rule 30(b)(6) designee is unprepared or unknowledgeable of relevant facts, sanctions may be properly imposed because such an appearance is, for all practical purposes, no appearance at all. *NewMarket Corp. v. Innospec Inc.*, 2011 WL 1306008 at * 6 (E.D. Va. Apr. 1, 2011) (quotes and cite omitted).

*Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 566 (7th Cir. 1984))." *AG-Innovations, Inc. v. United States*, 82 Fed.Cl. 69, 85 (Fed. Cl. 2008). But,

> there exists no obligation to produce witnesses who know every single fact surrounding a matter, only those that bear relevance or are material to events directly underlying a dispute. *See Banks v. Office of the Senate Sergeant-at-Arms*, 241 F.R.D. 370, 373 (D.D.C. 2007); *Wilson v. Lakner*, 228 F.R.D. 524, 529 n. 7 (D. Md. 2005). Additionally, a witness's inability to testify as to information unavailable to the company he represents will not constitute a violation of an RCFC 30(b)(6) deposition order. *See Banks*, 241 F.R.D. at 373, 375 (a Rule 30(b)(6) designee needs not conduct investigations beyond what is "reasonably known to the company").

*Dairyland Power Co-op. v. United States*, 79 Fed. Cl. 709, 715 (Fed. Cl. 2007). In that regard, while Rule 26 has been amended since 2000, its 2000 amendment altered the relevancy standard contained within it, and that remains unchanged to this day. Those amendments

> narrowed the scope of discoverable material, limiting discovery as of right to matters relevant to the claim or defense of any party. *Id.* "Prior to the 2000 amendments, the parties were entitled to discovery of any information that was not privileged so long as it was relevant to the 'subject matter involved in the pending action.'" 6 JAMES WM. MOORE, MOORE'S FED. PRACTICE § 26.41[2][a] at 26-109 (3d ed.2003) (quoting Fed. R. Civ. P. 26(b)(1) (1983)). Under the current standard, a court should "focus on the *specific claim or defense* alleged in the pleadings." *Id.* (citing Fed. R. Civ. P. 26(b)(1) advisory committee note (2000 amend.)). However, a particular fact need not "be alleged in a pleading for a party to be entitled to discovery of information concerning that fact." *Id.* at 26-

4

110. The fact must, however, be "germane to a specific claim or defense asserted in the pleadings for information concerning [the fact] to be a proper subject of discovery." *Id.*

*System Fuels, Inc. v. United States*, 73 Fed. Cl. 206, 215 (Fed. Cl. 2006) (emphasis added).[3]  Meanwhile, "[d]istrict courts can limit discovery when 'the burden or expense of the proposed discovery outweighs its likely benefit. . . .' Fed. R. Civ. P. 26(b)(2)(c)(iii)." *Hill v. Emory University*, 346 F. App'x 390, 392 (11th Cir. 2009).

Here the Court agrees with ASB that Degenhart seeks too much. He alleges, at bottom, that ASB was negligent when it "failed to follow both its own guidelines and industry regulations designed to prevent improper use of signatures in bank documents, and to protect individuals such as the Plaintiff from being falsely and unjustly bound to the debt obligations of others." Doc. 1-5 at 5 ¶ 15. The issue, then, is whether

---

[3] Rule 26's Advisory Committee Notes explain that

> Under the amended provisions, if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible.

Rule 26 (advisory comm. notes) (2000), quoted in *Anspach v. United of Omaha Life Ins. Co.*, 2011 WL 3862267 * 4 (D.S.D. Aug. 31, 2011).

and how ASB violated the negligence duty plaintiff alleges. ASB sent Degenhart a "contention interrogatory"[4] on that score, doc. 46-2, and the Court agrees with ASB that Degenhart's response is borderline frivolous -- he basically lists each federal statute and then simply *concludes* that ASB violated it. *See, e.g.*, doc. 46-2 at 4 (ASB "failed to protect the customer under Graham-Leach-Biley Act. [ASB] failed to prevent identity theft under the Identity Theft Fraud and Assumption Deterrence Act of 1998 (18 [U.]S.C. [§] 1028).").

If Degenhart is unable to meaningfully articulate each statute's relevance, then it is fair to let that set the standard for ASB, which should determine what information it in good faith believes is relevant to Degenhart's Rule 30(b)(6) request and, through its witness, assert what knowledge it has of what its legal duty was to Degenhart, per his complaint's allegations. And if its witness has no specific knowledge of a

---

[4] As this court previously explained:

> "'Contention' interrogatories are interrogatories that seek to clarify the basis for or scope of an adversary's legal claims. The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required." *Starcher v. Correctional Medical Systems, Inc.*, 144 F.3d 418, 421 (6th Cir. 1998); *see also McCarthy v. Fuller*, 2010 WL 2243354, *1 (S.D. Ind. June 1, 2010) (citing the use of contention interrogatories to compensate for "fat" and "windy" complaints).

*Eller v. Liberty County Georgia*, 2010 WL 2402770 at *1 (S.D. Ga. Jun. 14, 2011); *see also Cruz v. United States*, 2010 WL 2612509 at *1 (M.D. Fla. Jun. 25, 2010).

given statute or regulation (a valid objection, for example, would be that a question calls for legal analysis), then that will be the witness' sanction-free answer.

Had Degenhart wanted to allege and prove that ASB violated a specific statute or regulation, he could have easily done so initially if not via a Fed. R. Civ. P. 15(a) amendment, contention interrogatories, etc. But now to simply suppose that ASB *may* have violated a ganglionic mass of laws and regulations key-word plucked out of a database scan, then demand that ASB's Rule 30(b)(6) explain how ASB has *not* violated each and every one of them, singularly and *in toto*, is unduly burdensome. The purpose of Rule 30(b)(6), it must be remembered, is to enable an artificial entity (e.g., a corporation) to disgorge its relevant *knowledge* (*not* legal analysis) through a human representative. *See, e.g. Sara Lee Corp. v. Kraft Foods Inc.*, ___ F. Supp. 3d ___, 2011 WL 3325802 at * 3 (N.D. Ill. Aug. 2, 2011). Accordingly, the Court **GRANTS** plaintiff's lift-stay motion (doc. 46), subject to the limitations set forth above.

ASB also objects to Degenhart's quest to video-depose its Rule 30(b)(6) witness by remote means (i.e., plaintiff's counsel would remain in his Savannah, Georgia office while ASB's counsel would attend the

South Carolina-sited deposition) because he failed to first obtain a Rule 30(b)(4) stipulation. Doc. 50 at 3 n. 1. It raises the same objection over ASB's expert witness. Doc. 49 at 1.

Note that ASB is *not* objecting to "video-depositioning," a method any party may unilaterally undertake without leave of court. *See* Rule 30(b)(3)(A); *Brockway v. Veterans Admin. Healthcare System*, 2011 WL 1459592 at * 5 (D. Conn. Apr. 15, 2011); *Sloniger v. Deja*, 2010 WL 5343184 at * 11 (W.D.N.Y Dec. 20, 2010); 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2115 (3d ed. 2011). Instead, it objects only to *remote* video-depositioning -- something that can occur, it contends, only if both parties stipulate or a court authorizes it. *See* Rule 30(b)(4).

ASB's reason: It "will be prejudiced by having its Savannah-based counsel travel to the deposition in Charleston (and to other South Carolina locations for other depositions), while Plaintiff's counsel is not required to do so." Doc. 49 at 6. In other words, plaintiff's counsel does not want to travel from Georgia to South Carolina. He finds it easier and perhaps less expensive to video-depose witnesses remotely, from the comfort of his own office. This of course would not prevent ASB's also

8

Georgia-bound counsel from doing the same, but he doesn't want to. Yet, he doesn't want plaintiff's counsel to, either.

The Court does not think this a valid objection. For that matter, the rule's drafters long ago saw the practical, expense-lowering value of video depositions, which can now be done at even lower cost than in 1993, when Rule 30(b) was amended:

> We take the view, however, that in the modern age these types of disputes [over deposing witnesses located far away] are usually not necessary because depositions are now readily taken inexpensively by *internet video* (*e.g.*, Skype) or through somewhat more expensive, but still efficient, video conferencing facilities. *See, e.g., Sloniger v. Deja*, 2010 WL 5343184, at *10–12 (W.D.N.Y. Dec.20, 2010) (upholding right of defendant to be deposed in home forum, Germany, but via video conferencing) (collecting similar cases).

*Balu v. Costa Crociere S.P.A.*, 2011 WL 3359681 at * 2 (S.D. Fla. Aug. 3, 2011) (emphasis added). Litigation is expensive enough, and cost-saving videotaping is *encouraged*. Degenhart therefore is free to remotely video-depose the witnesses here. *See generally* 8A FED. PRAC. & PROC. Civ. § 2115 ("since 1993 any party has had a right to use nonstenographic recording by giving prior notice to the deponent and the other parties[,]" though "Rule 30(b)(3)(B) allows any party to employ another method of recording by giving prior notice to the deponent and the other parties.").

Finally, since these parties have been steadily consuming this Court's resources over discovery disputes, a word is in order about the *selection* of a video-depositioning method.  Each party may select whatever method they deem suitable:

> Indeed, Rule 30(b)(3) itself recognizes that unilateral election of nonstenographic recording is allowed only when the court does not otherwise order. If there are valid concerns about accuracy of nonstenographic recording in a given case, these might justify such an order, although a normal first response might be that the moving party should simply elect an additional method.

8A FED. PRAC. & PROC. Civ. § 2115.  The Court will accept no more objections based on depositional methods unless a bona fide, operational flaw can be shown.  And it **DENIES** as moot motion # 53.

**SO ORDERED** this 15TH day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA