IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WILLIAM DEGENHART, M.D., )
)
    Plaintiff, )
)
v. ) CASE NO. CV411-041
)
ARTHUR STATE BANK, THE )
DEGENHART LAW FIRM, PAUL )
DEGENHART, and MARY NELL )
DEGENHART, )
)
    Defendants. )
)

## O R D E R

Before the Court are Defendant Arthur State Bank's ("ASB") Motion to Dismiss for Lack of Jurisdiction or Transfer (Doc. 7), and Motion to Dismiss (Doc. 8). For the following reasons, Defendant ASB's Motion to Dismiss for Lack of Jurisdiction is **GRANTED** and Defendant ASB is **DISMISSED** from this case. As a result, Defendant ASB's Motion to Dismiss is **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to terminate Defendant ASB as a Defendant in this case.

### BACKGROUND

In this case, Plaintiff alleges that his purported signature has been fraudulently used to execute several loan documents. (Doc. 1, Ex. E ¶ 10.) The documents were executed in connection with a loan obtained by MND Properties, LLC from Defendant ASB, a South Carolina state

bank. (Id. ¶¶ 2, 7.) Defendants Mary Nell Degenhart and Paul Degenhart, residents of South Carolina, are principals in both MND Properties and Defendant Degenhart Law Firm. (Id. ¶¶ 8-9.) The documents bearing the allegedly fraudulent signatures are an August 23, 2006 personal guaranty, in which Plaintiff purportedly agrees to guarantee all debts and liabilities incurred by MND Properties without any limitation (id. ¶ 10.a, Ex. A), and an October 1, 2009 promissory note, in which MND Properties agrees to repay $100,000 in principle to Defendant ASB (id. ¶ 10.b, Ex. B). According to Plaintiff, these loan transactions were closed by Defendant Degenhart Law Firm, which is located in South Carolina. (Id. ¶ 12.) Plaintiff maintains that he "did not sign any of these documents, nor did he authorize the execution of any of the documents." (Id. ¶ 11.)

After learning of the fraudulent use of his signature, Plaintiff filed a complaint in the Superior Court of Chatham County. (Id.) In the complaint, Plaintiff seeks damages from all Defendants for breach of duty. (Id. ¶¶ 19-20.) In support of this claim, Plaintiff reasons that Defendants Mary Nell Degenhart, Paul Degenhart, and Degenhart Law Firm "failed to provide the Plaintiff with the benefit of their professional skill and judgment by allowing false and/or

improperly utilized signatures to be affixed to documents." (Id. ¶ 19.) With respect to Defendant ASB, Plaintiff contends that Defendant ASB "breached the standard of care applicable to the banking industry through accepting loan documents as valid and binding without taking independent action to verify the validity of the signatures." (Id. ¶ 20.) In addition, Plaintiff seeks a declaratory judgment that he is not bound by either the personal guarantee or the promissory note. (Id. ¶ 28.)

On February 17, 2011, Defendants timely removed this case from the Superior Court of Chatham County based on this Court's diversity jurisdiction. (Doc. 1.) On February 24, 2011, Defendant ASB filed a Motion to Dismiss for Lack of Jurisdiction or Transfer (Doc. 7), and a Motion to Dismiss (Doc. 8). In its Motion to Dismiss for Lack of Jurisdiction or Transfer, Defendant ASB argues that this Court lacks personal jurisdiction over it (Doc. 7 at 2-9), that venue would be improper in the Southern District of Georgia (id. at 10), and that, in the alternative, the case should be transferred to the District of South Carolina (id. at 11-17). In its Motion to Dismiss, Defendant ASB contends that Plaintiff has failed to plead facts sufficient to establish a claim for breach of duty (Doc. 8 at 3-7) and that, even if

3

so, Plaintiff's claim still fails as a matter of law because Defendant ASB owed no duty to Plaintiff (id. at 8-9). In response, Plaintiff argues that this Court has personal jurisdiction over Defendant ASB because it knowingly engaged in a business transaction with an individual they knew was a resident of Georgia (Doc. 16 at 2-4), that the issue should be litigated in the State of Georgia (id. at 4), and that Plaintiff sufficiently plead a claim that would entitled him to relief (Doc. 17).

**ANALYSIS**

I. <u>STANDARD OF REVIEW</u>

In response to a motion to dismiss for lack of personal jurisdiction when no evidentiary hearing is held, the plaintiff has the burden of proving a prima facie case of jurisdiction with respect to the contesting defendant. <u>Robinson v. Giarmarco & Bill, P.C.</u>, 74 F.3d 253, 255 (11th Cir. 1996) (quoting <u>Madara v. Hall</u>, 916 F.2d 1510, 1514 (11th Cir. 1990)). To meet this standard, the plaintiff must present sufficient evidence concerning jurisdiction to survive a motion for directed verdict. <u>Id.</u> The complaint's allegations that are uncontroverted by affidavit are accepted as true, but when the evidence conflicts, all

reasonable inferences are construed in favor of the plaintiff. Id.

## II. BASIS OF JURISDICTIONAL POWER & DUE PROCESS LIMITATIONS

Two separate concepts restrict this Court's exercise of personal jurisdiction in diversity cases. The first limitation is that district courts can only assert personal jurisdiction over nonresident defendants if doing so would be consistent with the long-arm statute of the state in which the court sits. Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 746 (11th Cir. 2002). Accordingly, this Court has personal jurisdiction over a nonresident defendant only if the Georgia long-arm statute, O.C.G.A § 9-10-91, so provides.

The second limitation is that the exercise of personal jurisdiction under Georgia's long-arm statute must comport with the requirements of constitutional due process. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249 (11th Cir. 2010). If minimum contacts are sufficiently established, other factors are examined to determine the ultimate fairness of asserting personal jurisdiction, such as "the burden on the defendant; the forum State's interest in adjudicating the dispute; the

plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 292, (1980) (citations and quotations omitted).

The Georgia Court of Appeals has made clear that the exercise of general jurisdiction under the Georgia long-arm statute requires a "continuous and systematic business contact" with the State of Georgia. <u>Mitsubishi Motors Corp. v. Colemon</u>, 290 Ga. App. 86, 89, 658 S.E.2d 843, 847 (2008). <u>Colemon</u> stated the importance of additional factors over and above the mere minimum contacts required to constitutionally exercise personal jurisdiction, noting that

> [w]hen the suit does not arise out of the defendant's contacts with the forum, the state is said to exercise general jurisdiction, and factors relevant to the existence of such jurisdiction include regularly doing business in the state, deriving substantial revenue from goods or services in the state, having agents or employees in the state, maintaining an office in the state, and having subsidiaries or business affiliates in the state.

Id. In this case, the complaint makes no allegations that would allow this Court to find that Defendant ASB is subject to general jurisdiction in the State of Georgia.

Because Defendants are not subject to general jurisdiction, this Court must now determine whether any aspect of the Georgia long-arm statute will permit the exercise of specific personal jurisdiction in this case. The Georgia long-arm statute provides for jurisdiction "as to a cause of action arising from any of the acts [or] omissions, . . . enumerated" in the statute. O.C.G.A. § 9-10-91. Georgia courts applying this language have required that "the cause of action arise[] from or [be] connected with the act or transaction" that forms the basis for hailing the defendant into a Georgia court. ATCO Sign & Lighting Co. v. Stamm Mfg., 298 Ga. App. 528, 529, 680 S.E.2d 571, 573 (2009); accord Gateway Atlanta Apartments v. Harris, 290 Ga. App. 772, 779, 660 S.E.2d 750, 757 (2008). The statute operates with subsections that specify the types of activities that subject nonresidents to personal jurisdiction in Georgia's courts. "The exercise of personal jurisdiction in Georgia requires a court to find that at least one prong of the long-arm statute is satisfied."

Diamond Crystal, 593 F.3d at 1259. Although Georgia's statute contains six subsections providing for jurisdiction, Plaintiff argues only that O.C.G.A. § 9-10-91(1) provides this Court with personal jurisdiction over Defendant ASB. (Doc. 16 at 2-4.)

Subsection one of the Georgia long-arm statute grants personal jurisdiction over a nonresident if he or she "transacts any business within this state." O.C.G.A. § 9-10-91(1). In a recent case, the Supreme Court of Georgia applied a "literal construction" of the "plain and unambiguous statutory language" of this subsection, concluding that it "grants Georgia courts the unlimited authority to exercise personal jurisdiction over any nonresident who transacts any business in this State . . . only to the maximum extent permitted by procedural due process." Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 279 Ga. 672, 675, 620 S.E.2d 352, 355 (2005) (emphasis added). However, the Eleventh Circuit has announced that "the Georgia long-arm statute does not grant Courts in Georgia personal jurisdiction that is

coextensive with procedural due process."[1] Diamond Crystal, 593 F.3d at 1259. Rather, the exercise of jurisdiction is proper if

> (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action <u>arises from or is connected with such act or transaction</u>, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

Aero Toy Store, LLC v. Grieves, 279 Ga. App. 515, 517-18, 631 S.E.2d 734, 737 (2006) (emphasis added). Accordingly, the Georgia long-arm statute places requirements on the exercise of personal jurisdiction above the minimum requirements of due process. Diamond Crystal, 593 F.3d at 1261. Therefore, while the exercise of personal jurisdiction under Georgia's long-arm statute must be consistent with due process, satisfying due process is not alone sufficient to subject a defendant to personal jurisdiction under that statute—other preconditions are required.

---

[1] In his response, Plaintiff averred that "[t]he [Georgia] long-arm statute extends as far as federal due process allows." (Doc. 16 at 2.) However, Plaintiff's proposition is wholly incorrect in light of both the Georgia Court of Appeals opinion in Aero Toy Store, LLC v. Grieves, 279 Ga. App. 515, 517-18, 631 S.E.2d 734, 737 (2006) and the

Subsection one of the Georgia long-arm statue places a requirement that a defendant be "literally transacting business within Georgia," an additional requirement above the minimum contacts required in a traditional due process analysis. Diamond Crystal, 593 F.3d at 1261. Because modern business is often transacted using methods other than physical presence, intangible or electronic contacts can serve as the basis for personal jurisdiction. Innovative Clinical, 279 Ga. at 676, 620 S.E.2d at 355-56. However, a defendant is not subject to the jurisdiction of Georgia Courts where these contacts are " 'random, fortuitous, or attenuated.' " Gateway Atlanta, 290 Ga. App. at 779, 660 S.E.2d at 757.

In its motion, Defendant ASB argues that it is not subject to personal jurisdiction in this Court because it did not transact any business in Georgia in relation to the alleged fraudulent use of Plaintiff's signature. (Doc. 7 at 5.) In support of its argument, Defendant ASB contends that all of the parties involved in this case, with the exception of Plaintiff, are citizens of South Carolina. (Id.) In addition, Defendant ASB maintains that the loan documents

---

Eleventh Circuit's decision in Diamond Crystal, 593 F.3d at

were executed in Union, South Carolina and secured by property located in South Carolina. (Id.) In short, Defendant ASB argues that it has no connection with the State of Georgia that would be sufficient to allow this Court to exercise personal jurisdiction over it.

In its response, Plaintiff contends only that the exercise of personal jurisdiction is appropriate because "Defendant [ASB] has knowingly engaged in a business transaction with someone whom it believed to be a resident of the state of Georgia." (Doc 16 at 3.) Yet, Plaintiff failed to supply any support for his conclusion that simply conducting business with a Georgia resident is sufficient to confer personal jurisdiction over an out-of-state entity, and a searching review by the Court has revealed none. Taking the factual allegations in the complaint as true, Defendant ASB's only connection with the State of Georgia in this case is that the allegedly fraudulent signature was that of a Georgia resident. However, the fact that Defendant ASB thought they were conducting business with an individual they knew to be a Georgia resident is, without

1259.

more, woefully insufficient to establish that Defendant ASB transacted business in Georgia.

In this case, Plaintiff makes no allegation that Defendant ASB actively solicited Plaintiff's business in the State of Georgia. Indeed, the complaint alleges that Plaintiff had no knowledge that his signature was being used on these loan documents, which implies that he was not contacted in any manner by Defendant ASB in connection with the transaction. In addition, the complaint contains no allegation that any part of the transaction occurred in Georgia. There are simply no bases in the complaint that would allow this Court to conclude that Defendant ASB transacted any business in Georgia with respect to Plaintiff's cause of action. The mere fact that Defendant ASB happened to do business with a Georgia resident is insufficient to establish that it transacted business in Georgia to such a degree to confer personal jurisdiction under the Georgia long-arm statute. Therefore, the exercise of personal jurisdiction under the Georgia long-arm statute would be inappropriate and Defendant ASB's Motion to Dismiss for Lack of Jurisdiction must be **GRANTED**.

## CONCLUSION

For the foregoing reasons, Defendant ASB's Motion to Dismiss for Lack of Jurisdiction is **GRANTED** and Defendant ASB is **DISMISSED** from this case. As a result, Defendant ASB's Motion to Dismiss is **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to terminate Defendant ASB as a Defendant in this case.

SO ORDERED this 28th day of September 2011.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA